IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TREMANE D. CARTHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-281-WKW |
| | ) | [wo] |
| BAPTIST SOUTH MEDICAL | ) | |
| CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 13, filed April 12, 2010). Now pending before the Court is Defendant Jerry Gurley's *Motion to Dismiss (Special Appearance)* (Doc. 20, filed August 30, 2010). For good cause, the Magistrate Judge recommends that the Court GRANT the motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I. BACKGROUND**

*Pro se* Plaintiff Tremane Carthen ("Carthen" or "Plaintiff") brought suit on March 31, 2010. *See* Doc. 1, Complaint. On April 1, 2010, this Court ordered Carthen to amend his

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

complaint and to identify whether he was in law enforcement custody during his stay at Baptist South Medical Center from February 15, 2009 to March 20, 2009 and to identify whether he received any further treatment from Baptist South Medical Center personnel after his March 20, 2009 release. *See* Doc. 7. This Court granted a motion for Plaintiff to proceed *in forma pauperis* on April 1, 2010, and the Plaintiff subsequently filed his amended complaint on April 9, 2010. *See* Docs. 6 & 9.

The complaint alleges that February 15, 2009, Carthen was in a car accident that resulted in severe bodily injury. *See* Doc. 1 at p. 3. Carthen states that the hospital staff at Baptist South Medical Center placed him in the Intensive Care Unit from February 15, 2009 to March 11, 2009 because of the severity of his injuries. *Id.* On March 19, 2009, the hospital staff performed an x-ray on Carthen and found a broken pelvic bone and a cracked left ankle. *Id.* at 3-4. On that same date, the Montgomery Police Department ("MPD") arrested Plaintiff in the hospital. *See* Doc. 9. The following day, the hospital released Carthen from their care into MPD custody. *See* Doc. 1 at 4.

Defendant Jerry Gurley ("Gurley" or "Defendant") filed his motion to dismiss on August 30, 2010. *See* Doc. 20.[2] As the primary basis for dismissal, Gurley asserted insufficient service of process. *See* Doc. 20 at 1. However, Gurley also reserved the defense of standing. *See* Doc. 20 at fn.1. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court can consider any defense which renders the claim futile. The Court ordered the Carthen to

---

[2] There is a separate motion to dismiss filed by the other defendants. That motion is not addressed here, but rather will be addressed in a subsequent opinion.

respond to Gurley's motion to dismiss on or before September 21, 2010. *See* Doc. 21.

Carthen promptly filed his response in opposition to Gurley's motion to dismiss. *See* Doc. 28. He alleges that Gurley failed to (1) investigate and protect Carthen as a patient when under notice in violation of section 334-24-361 of the Alabama Code, (2) report to the Board in a timely manner in violation of section 545-x-4-.06 of the Alabama Administrative Code, (3) meet moral, ethical and civil duty in violation of section 540-x-9-.07 of the Alabama Administrative Code, and (4) exhibit professional conduct in violation of the 14th Amendment Equal Protection Clause. *See* Doc. 28 at 3. Gurley's motion is fully submitted and ripe for the Court's review.

## II. STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain

an action."). While 28 U.S.C. § 1915 authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)).

To challenge the form of the summons, the defendant should file a motion to dismiss for insufficient process grounds under Fed. R. Civ. P. 12(b)(4). 5B Wright & Miller, *Federal Practice & Procedure 3d* § 1353 (2004 & Supp. 2009). To challenge the method of service attempted by the plaintiff, the defendant should file a motion to dismiss for insufficient service under Fed. R. Civ. P. 12(b)(5). *Id.* The distinction between the two insufficiencies is often blurred, and it is appropriate to present and analyze service issues under both rules. *See* 5A Wright & Miller, *Federal Practice and Procedure: Civil* § 1353, at 277 (2d ed. 1990). The Court may consider affidavits and other evidence supporting a defendant's allegations of insufficient service of process. *See Davis v. Musler*, 713 F.2d 907, 910-11 (2d Cir. 1983). To determine validity of service of process, the Court applies the standards of proof governing motions to dismiss for lack of personal jurisdiction. *See Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F.Supp.2d 1354, 1360 (N.D. Ga. 2008); *Bell v. Integrated Health Serv's,*

*Inc.*, 2007 WL 274364, *2 (S.D. Ala. 2007). The Eleventh Circuit hold that "the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the defendant and that a prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict." *Carrier v. Jordaan*, 714 F. Supp.2d 1204, 1210 (S.D. Ga. 2008) (quoting *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)) (internal quotations and modifications omitted). Defendant, as the moving party, has the initial burden of producing affidavits that, in non-conclusory fashion, demonstrate the absence of sufficient service of process before shifting the burden to plaintiff to demonstrate that service was proper. *Id.* at 1211. The plaintiff bears the burden of presenting enough evidence to withstand a motion for directed verdict. *Lowden PTY*, 534 F. Supp.2d at 1360. If the plaintiff presents countering evidence, "the court must construe all reasonable inferences in favor of the plaintiff." *Id.* (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

The standing defense is the equivalent to a Rule 12(b)(6) motion to dismiss. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Igbal*, — U.S. —, —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.). In considering a defendant's motion to dismiss,

the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[3]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S.Ct. at 1966. Further, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 1968 (internal quotation and alteration omitted). That said, a complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts. *Twombly*, 550 U.S. at —, 127 S.Ct. at 1965-66. Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

The complaint filed by Carthen satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the Court is of the view, that the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii).

### III. DISCUSSION AND ANALYSIS

"Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." ALA. R. CIV. P. 4(i)(2). An agent is a person or entity

authorized by the addressee to receive or deliver their mail. *Id.* Neither Scott Johnson nor the Medical Licensure Commission are Gurley's agents and Gurley never authorized either to receive or deliver mail for him. *See* Doc. 20, Exhibits 1-2 (Affidavits of Scott Johnson and Karen Silas). Applying the applicable burden, the Court finds Gurley has carried his burden to demonstrate the invalidity of service of process. Therefore, the burden shifts to Carthen to present "enough evidence" to withstand a motion for directed verdict. *See Carrier*, 714 F. Supp.2d at 1210. Carthen does nothing to address the sufficiency of service of process. Hence, he fails to carry his burden.

However, the Court does take note that Plaintiff is proceeding in forma pauperis. *See* Doc. 5. 28 U.S.C. § 1915(d) instructs that "[t]he officers of the court shall issue and service all process, and perform all duties in such cases." Federal Rules of Civil Procedure 4(c), likewise, requires that "the court must so order service to be made by a United States Marshal or deputy marshal if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286 (11th Cir. 2009). However, Carthen never requested additional attempts to properly serve Gurley.

Typically, Courts deny 12(b)(4) or 12(b)(5) motions because the deficiency is curable. The "general rule" is that "'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 750 (W.D. La. 2000); *see also Sampath v. Concurrent Technologies Corp*., 227 F.R.D. 399, 401 (W.D. Pa. 2005)

Page 8 of 11

("dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should at most, quash service, leaving the plaintiff [ ] free to effect proper service.") (citations omitted); *Korman v. I.R.S.*, 2007 WL 404041, *1 (S.D. Fla. Feb. 2, 2007) (upon technical failure in service of process on defendant, quashing of service of process was appropriate remedy, not dismissal of complaint). However, the deficiencies in Carthen's complaint cannot be cured even if he did effectuate proper service of process.

While the lack of standing is usually a matter which may be raised as an affirmative defense, in an action proceeding under § 1915, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915 dismissal is allowed." *Id.* at 640. On its face, the complaint's allegations against Gurley pertain to his failure to take prosecutorial action on Carthen's behalf. The Eleventh Circuit held private citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another by those acting in a prosecutorial capacity. *Smith v. Shook*, 237 F.3d 1322, 1324 (11th Cir. 2001) (concluding that state bar grievance officer who prosecuted alleged ethics violations acted in a prosecutorial capacity); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973).)("a citizen lacks standing to contest the policies of the [criminal] prosecuting authority when he himself is neither prosecuted nor threatened with

prosecution.... [A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Garcia v. Miami Beach Police Dep't, Internal Affairs Div.*, 336 Fed. Appx. 858 (11th Cir. 2009) (concluding that Internal Affairs division acted in a prosecutorial capacity).

Thus in this instance, amendment of Carthen's complaint as to the claims against Gurley would be futile. "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)

Carthen's claims against Gurley cannot stand because he lacks proper standing to demand prosecutorial action and therefore merit dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)  The *Motion to Dismiss (Special Appearance)* (Doc. 20) be **GRANTED**.

(2)  Plaintiff's claims against Defendant Jerry Gurley be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

(3)  Any outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this

*Recommendation* on or before **March 9, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 23rd day of February, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE