IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TREMANE D. CARTHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-cv-281-WKW |
| ) | [wo] |
| BAPTIST SOUTH MEDICAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 13, filed April 12, 2010). It is the Recommendation of the Magistrate Judge that this case be dismissed for want of prosecution.

**I.   NATURE OF THE CASE**

*Pro se* Plaintiff Tremane Carthen ("Carthen" or "Plaintiff") brought suit on March 31, 2010. *See* Doc. 1. The Court granted his motion to proceed *in forma pauperis. See* Doc. 6. Conducting the mandatory review pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] the Court determined that the Amended Complaint contained deficiencies that unless corrected

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

mandated dismissal of the case - specifically for failure to state a claim.[2]  *See* Doc. 34.  On March 11, 2011, the Court granted Carthen's motion to amend to give him one final chance to correct deficiencies in his complaint.  *Id*.  The Court also reminded all parties that this case is a regular *pro se* civil rights case and not a case brought under cases or statutes relating to prisoner conditions.  *Id*.  Due to an inadvertent error, the Court gave two different dates as the deadline to file the amended complaint.  *Id*.  No response was filed by either date, nor was the Court contacted to clarify the date.  *See* Doc. 35.  To remedy any potential confusion, the Court provided additional response time to April 15, 2011.  *Id*.  The Court also warned Plaintiff that the consequences of not complying including dismissal of his complaint and/or judgment in defendants's favor without any trial.  *See* Docs. 34 and 35.  The last order was sent certified mail with return receipt requested.  Though it was not signed for by the Plaintiff, it was sent to his address of record and was not returned as undeliverable.  As such, the Court must presume that the order was received.

## II.  DISCUSSION AND ANALYSIS

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."  FED. R. CIV. P. 41(b).  As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  370 U.S.

---

[2] Though not necessarily for the reasons submitted in the Defendant's Motion to Dismiss.

626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)). Moreover, "[a]lthough the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* whenever necessary to 'achieve the orderly and expeditious disposition of cases'" *Lopez v. Aransas County Indep. Sch. Dis.*, 570 F.2d 541, 544 (5th Cir. 1978) (quoting *Link*, 370 U.S. at 630-31, 82 S.Ct. at 1389); *see also Frances v. Brandon*, 287 Fed. Appx. 69, 71 (11th Cir. 2008) (quoting *Lopez*). Additionally, "[t]he court's power to dismiss is an inherent aspect of its authority to enforce its order and insure prompt disposition of lawsuits. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, the Magistrate Judge nonetheless recommends dismissal of this action as Carthen had more than a reasonable opportunity to prosecute this action. Moreover, the Court has not received any communications from Carthen since September 29, 2010 when he filed a notice of change of address. He did not respond to the report and recommendation issued in February nor did he respond to the two different orders to amend. *See* Docs. 32, 34, and 35. Consequently, it is reasonable to conclude that Carthen has chosen to abandon prosecution of his claims.

As Carthen made no efforts to amend his complaint, the claims merit dismissal

pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 41(b). However, the dismissal is without prejudice as a dismissal with prejudice is only appropriate when the party "engages in a clear pattern of delay or willful contempt (contumacious conduct)." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005). No such conduct is present here. Dismissal without prejudice is sufficient sanction in this case.

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)    Plaintiff's claims be dismissed without prejudice for failure to prosecute.

(2)    The *Motion to Dismiss or, in the Alternative Motion for More Definite Statement* (Doc. 23, filed 9/7/10) be DENIED as moot.

(3)    Any outstanding motions be DENIED as moot.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **May 5, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 21st day of April, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE